**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES & EXCHANGE COMMISSION,

                 Plaintiff,

        v.

GIBRALTAR GLOBAL SECURITIES, INC.,
and WARREN A. DAVIS,

                 Defendants.

---

13 CV 2575 (GBD)

**Jury Trial Demanded**

## ANSWER AND AFFIRMATIVE DEFENSES OF GIBRALTAR GLOBAL SECURITIES, INC. AND WARREN A. DAVIS

The Defendants GIBRALTAR GLOBAL SECURITIES, INC. ("GGSI") and WARREN A. DAVIS ("DAVIS") (collectively "THE GGSI DEFENDANTS"), by and through their attorneys DE FEIS O'CONNELL & ROSE, P.C., upon information and belief, answer the Complaint of Plaintiff Securities and Exchange Commission ("SEC"), dated April 18, 2013, as follows:

1.       The allegations contained in paragraph 1 of the Complaint purport to state legal conclusions as to which no responsive pleading is required. To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit GGSI is a broker-dealer wholly owned by Warren A. Davis, its president, and GGSI maintained a website listing certain brokerage services. The GGSI Defendants also refer to records of the website for its actual contents.

2.       The allegations contained in paragraph 2 of the Complaint purport to state legal conclusions as to which no responsive pleading is required. To the extent a response is

1

required, the GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders, including U.S. customers.

3.      The allegations contained in paragraph 3 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders involving shares of Magnum d'Or in the approximate amounts alleged in paragraph 3 of the Complaint.

4.      The allegations contained in paragraph 4 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit Plaintiff purports to have alleged jurisdiction to bring this action based on the statutes cited therein.

6.      The allegations contained in paragraph 6 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit GGSI was a Bahamian broker-dealer registered with the Securities Commission of the Bahamas since March 2005.  GGSI Defendants also admit GGSI did not register with the SEC.  The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint concerning "representatives," as the term is vague and undefined.

9.      The allegations contained in paragraph 9 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit Davis was 38 in April 2013.  GGSI Defendants also admit Davis is the president and founder of GGSI and was authorized to trade on GGSI's behalf. GGSI Defendants also admit Davis has never been registered with the SEC as a broker or a dealer.

10.     The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and refer to publicly available records concerning the proceedings described in paragraph 10.

3

11.      The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and refer to publicly available records concerning the proceedings described in paragraph 11.

12.      The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and refer to publicly available records concerning the proceedings described in paragraph 12.

13.      The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and refer to publicly available records concerning the proceedings described in paragraph 13.

14.      The allegations contained in paragraph 14 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 14 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders involving shares of Magnum d'Or in the approximate amounts alleged in paragraph 14 of the Complaint.

15.      The allegations contained in paragraph 15 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit GGSI maintained a website that described GGSI as a broker-dealer registered with the Bahamian Securities Commission and listed certain brokerage services.  The GGSI Defendants also refer to records of the website for its actual contents.

16.        The allegations contained in paragraph 16 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 16 of the Complaint, except admit GGSI maintained a website that described GGSI as a broker-dealer registered with the Bahamian Securities Commission and listed certain brokerage services.  The GGSI Defendants also refer to records of the website for its actual contents.

17.        The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admit GGSI maintained a website that listed certain brokerage services.  The GGSI Defendants refer to records of the website for its actual contents.  The GGSI Defendants deny the allegations in Paragraph 17 concerning "Hupso.com" and "webstatsdomain.com."

18.        The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admit GGSI maintained a website and refer to records of the website for its actual contents.

19.        The allegations contained in paragraph 19 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit GGSI maintained a website and refer to records of the website for its actual contents.

20.        The allegations contained in paragraph 20 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 20 of the

Complaint, except admit GGSI created accounts at U.S. brokers.  The GGSI Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint concerning the alleged actions of "U.S. brokers."

21.      The allegations contained in paragraph 21 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders, including U.S. customers.  The GGSI Defendants also admit that some shares were re-registered in its name "fbo" the relevant customer.

22.      The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders, including U.S. customers.

23.      The GGSI Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admit GGSI performed brokers' transactions executed upon customers' orders, including U.S. customers, and transferred proceeds to its account at Royal Bank of Canada.  The GGSI Defendants also admit that GGSI typically charged customers usual and customary broker's commissions.

24.      The allegations contained in paragraph 24 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is

required, the GGSI Defendants deny the allegations contained in paragraph 24 of the

Complaint, except admit that neither GGSI nor Davis were registered with the SEC.

25.      The allegations contained in paragraph 25 of the Complaint purport to state legal

conclusions as to which no responsive pleading is required.  To the extent a response is

required, the GGSI Defendants deny the allegations contained in paragraph 25 of the

Complaint, except admit GGSI performed brokers' transactions executed upon

customers' orders involving shares of Magnum d'Or in the approximate amounts and

time period alleged in paragraph 25 of the Complaint.

26.      The GGSI Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 26 of the Complaint, except admit

GGSI performed brokers' transactions executed upon customers' orders involving shares

of Magnum d'Or.

27.      The GGSI Defendants deny the allegations contained in paragraph 27 of the

Complaint, except admit GGSI performed brokers' transactions executed upon

customers' orders involving shares of Magnum d'Or through the four U.S. brokers and in

the approximate share and proceeds amounts alleged in paragraph 27 of the Complaint.

28.      The allegations contained in paragraph 28 of the Complaint purport to state legal

conclusions as to which no responsive pleading is required.  To the extent a response is

required, the GGSI Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.      The GGSI Defendants deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit

GGSI performed brokers' transactions executed upon customers' orders including transferring proceeds from its account at the Royal Bank of Canada to Magnum d'Or.

30.       The GGSI Defendants repeat their responses to paragraphs 1 through 29 of the Complaint.

31.       The allegations contained in paragraph 31 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.       The allegations contained in paragraph 32 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.       The GGSI Defendants repeat their responses to paragraphs 1 through 31 of the Complaint.

34.       The allegations contained in paragraph 34 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.       The allegations contained in paragraph 35 of the Complaint purport to state legal conclusions as to which no responsive pleading is required.  To the extent a response is required, the GGSI Defendants deny the allegations contained in paragraph 35 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The SEC's Complaint fails to state a claim against the GGSI Defendants upon which relief can be granted.

### Second Affirmative Defense

The GGSI Defendants at all times acted in good faith, and therefore, lacked the requisite scienter.

### Third Affirmative Defense

The GGSI Defendants are exempt from the Exchange Act registration requirements.

### Fourth Affirmative Defense

The GGSI Defendants are exempt from the Securities Act restrictions on sales of unregistered securities.

### Fifth Affirmative Defense

Davis was not a culpable participant in any alleged violation of the securities laws.

### Sixth Affirmative Defense

The GGSI Defendants were not substantial participants in any alleged violation of the securities laws.

### Seventh Affirmative Defense

The claims in the SEC's Complaint are barred by the statute of limitations.

### Eighth Affirmative Defense

The claims in the SEC's Complaint are barred by the doctrine of laches.

## **FURTHER DENIAL AND RESERVATION OF RIGHTS**

Defendants deny all allegations not explicitly admitted in this Answer, except those allegations as to the truth of which they have denied possessing knowledge or information sufficient to form a belief.

Defendants reserve the right to amend their pleadings, and to assert additional or different defenses, based upon information or evidence developed in discovery or otherwise.

Dated: April 24, 2014
New York, New York

Respectfully submitted,

DE FEIS O'CONNELL & ROSE, P.C.

500 Fifth Avenue, 26th Floor
New York, New York 10110
(212) 768-1000
Attorneys for Defendants

By: _____
Philip C. Patterson (PP-9995)
Nicholas M. De Feis (ND-1325)
Allison S. Menkes (AM-2246)