# Exhibit E

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

PUBLIC LAW DIVISION



2013

PUB/CON/00027

IN THE MATTER of Articles 20, 21, 23 and 27 of the Constitution of the Commonwealth of The Bahamas

AND IN THE MATTER of the provisions of the Securities Industry Act, 2011

AND IN THE MATTRER of the provisions of the Securities Industry Regulations, 2012

AND IN THE MATTER of the provisions of the Evidence (Proceedings in other Jurisdictions) Act, 2000

BETWEEN

GIBRALTAR GLOBAL SECURITIES INC.

Plaintiff

AND

SECURITIES COMMISSION OF THE BAHAMAS

Defendant

ELIZABETH THE SECOND, by the Grace of God, Queen of the Commonwealth of The Bahamas and of her realms and territories, Head of The Commonwealth.

To:   Securities Commission of The Bahamas
      Third Floor, Charlotte House
      Shirley and Charlotte Streets
      Nassau, The Bahamas

WE COMMAND YOU That within Fourteen days after the service of this Writ on you inclusive of the day of such service, you do cause an appearance to be entered for you in an action at the suit of

Gibraltar Global Securities Inc.
GTC Corporate Services Ltd
Shirley Street, Nassau, The Bahamas
c/o Baycourt Chambers
Suite 3.1, Frederick House
Frederick Street
Nassau, The Bahamas

And take notice that in default of your so doing the Plaintiff may proceed therein and judgment may be given in your absence.

WITNESS, the Honourable Sir Michael Barnett Our Chief Justice of our Commonwealth of the Bahamas, the 16th day of September, in the year of Our Lord Two Thousand and Thirteen.

**REGISTRAR**

This Writ is to be served within twelve calendar months from the date hereof, or if renewed, within six calendar months from the date of the last renewal, including the day of such date and not afterwards.

-2-

The Defendant may enter appearance personally or by attorney either by handing in the appropriate forms, duly completed, at the Registry of the Supreme Court, Public Square, in the City of Nassau, in the Island of New Providence, or by sending them to that office by post.

If the Defendant enters an appearance he must also deliver to the attorney for the Plaintiff within fourteen days from the last day of the time limited for appearance, unless such time is extended by the Court or a Judge, otherwise judgment may be entered against him without notice, unless he has in the meantime been served with a summons for judgment.

## ENDORSEMENT

The Plaintiff's claim is for damages, constitutional relief and injunctive relief against the Defendant as regulator of mutual funds, securities and capital markets in the Commonwealth of The Bahamas pursuant to purported statutory powers granted and set out in the Securities Industry Act, 2011 and the Securities Industry Regulations, 2012 occasion by the Defendant's exercise of such purported powers and more particularly by the damages and loss suffered by the Plaintiff from the Defendant's wrongful disclosure of information, documents and records.

**AND THE PLAINTIFF CLAIMS:**

1. An Order to direct the Defendant to exercise its powers under section 71 of the Securities Industry Act, 2011 ("**SIA**").

2. A Declaration that the Defendant by its failure to act pursuant to its powers under the said section 71 of the SIA is in violation of the said section.

3. A Declaration that the ambit of the Defendant's statutory power or authority under section 71 of the SIA does not impose upon the Defendant a right to reject a voluntary surrender of registration by a registrant.

4. A Declaration that the Defendant's refusal to accept, whether subject to terms or otherwise, the Plaintiff's voluntary surrender of registration is foul of the said section 71 of SIA, against administrative jurisprudence and the law generally as a regulator.

-3-

5. A Declaration that section 71 of the SIA by reasonably implication mandates that the Defendant would act prudently in considering an application for voluntary surrender of registration and would not unreasonably withhold its approval (or otherwise).

6. A Declaration that section 32 of SIA is foul of the Constitution and more particularly, Articles 20, 21, 23 and 27.

7. A Declaration that section 28 of SIA is void in as much as it seeks to prevent the Defendant from making reasonable disclosures to the Plaintiff (or a registrant) and is thereby foul of Articles 20, 21, 23 and 27 of the Constitution.

8. A Declaration that the provisions of sections 42 and 43 of the SIA do not empower or authorize the Defendant to exercise any of its (statutory) investigative powers for the purpose of facilitating or promoting the requests from Foreign Regulatory Authorities.

9. A Declaration that the provisions of section 132 of the SIA is not operative to ground a jurisdiction in the Defendant to issue compliance orders for the purposes to facilitate any assistance that can (or should be) rendered under section 37 of the SIA, that is the jurisdiction under section 132 can only be invoked by the Defendant in the context of its lawful legislative (constitutional) powers under the Act.

10. A Declaration that the Defendant has a legal right, duty and obligation to disclose to the Plaintiff (or any registrant) the nature, scope, specifics and appropriate details of a request for information or documents emanating from a Foreign Regulatory Authority.

11. A Declaration that section 28(1) of the SIA does not prevent, hinder or curtail the Defendant's legal duty and obligation to disclose to the Plaintiff (or any registrant) the nature, scope and specifics of a request from

-4-

Foreign Regulatory Authorities, whereby the same does not constitute a criminal offence or a breach of securities law of The Bahamas.

12. A Declaration that section 28(2) empowers the Defendant to disclose such details or information to the Plaintiff (or a registrant) as to be aware of the scope and nature of the request of Foreign Regulatory Authorities.

13. A Declaration that the provisions of the SIA relative to the disclosure of information, pursuant to section 37 of the SIA and/or the provisions of sections 50 and 53, are foul of Articles 20, 21, 23 and 27 of the Constitution.

14. A Declaration that section 53 of the SIA is foul of the Constitution and amounts to a contravention of the rights set out in Articles 21, 23 and 27 of the Constitution.

15. A Declaration that the relevant provisions of the SIA, namely sections 28, 37 and 53 (and otherwise) are foul of and should be read in conjunction and alongside the provisions and the legislative requirement set out in the Evidence (Proceedings in Other Jurisdictions) Act, 2000.

16. A Declaration that for the purported powers under which the Defendant purports to act in its letters dated 25th March, 2013, 29th April, 2013 and 22nd August, 2013 are foul of the law and the said Articles of the Constitution and thereby the Defendant has no lawful ground or basis to demand the disclosure of any such information and/or documents in the possession of the Plaintiff (or any registrant).

17. A Declaration that the power and jurisdiction granted unto the Defendant under section 45 of the SIA could not be used for any ancillary purposes relating to a request from a Foreign Regulatory Authority whether pursuant to section 37 of the SIA or otherwise.

-5-

18. An injunctive Order to prevent and prohibit the Defendant, its servants or agents from seeking, demanding, ordering or seeking to compel the Defendant to disclose any of the information as requested in the Defendant's letters dated 25th March, 2013, 29th April, 2013 and 22nd August, 2013 pending the hearing and determination of the matter or upon further Orders.

19. An Order that by the disclosures of the Plaintiff on previous occasions to the Defendant pursuant to its purported statutory powers (under sections 36 and 37 of SIA or otherwise) the Defendant's actions arising from the said disclosure by the Plaintiff caused the Plaintiff to suffer loss and damages and to suffer loss of reputation and thereby the Defendant is liable to the Plaintiff.

20. An Order for damages to be assessed arising from the wrongful acts of the Defendant as aforesaid.

21. Interests pursuant to the Civil Procedure (Award of Interest) Act, 1992 on such amount as found due and owing to the Plaintiff.

22. Costs to the order of the Plaintiff.

23. Such further and other relief as the Court may deem just.

DATED the 16th day of September, A.D., 2013

*BAYCOURT CHAMBERS*
**Frederick House
Third Floor, Suite 3.1,
Frederick Street
NASSAU, THE BAHAMAS**

*Attorneys for the Plaintiff*

And the sum of $                    (or such sum as may be allowed on taxation) for costs, and also, in case the Plaintiff(s) obtain an order for substituted service, the further sum of $                    and costs (or such sum as may be allowed on taxation). If the amount claimed be paid to the Plaintiff(s) or his Solicitor or agent within fourteen (14) days from the service hereof, further proceedings will be stayed.

Provided that if it appears from the Indorsement of the Writ that the Plaintiff(s) is (are) resident outside the scheduled territories, as defined in the Exchange Control Act, 1947, or is acting by Order on behalf of a person so resident, proceedings will only be stayed if the amount claimed is paid into Court within the said time and notice of such payment in is given to the Plaintiff(s), his Solicitor or Agent.

This Writ was issued by Baycourt Chambers of the said City of Nassau, Counsel & Attorneys for the said Plaintiff(s) whose address for service is their Chambers situated at the Frederick House, Third Floor, Frederick Street in the said City of Nassau.

## INDORSEMENT OF SERVICE

This Writ was served by me at

on the Defendants

on            the            day of            A.D., 2013

Indorsed the            day of            A.D., 2013

(Signed)

(Address)

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

PUBLIC LAW DIVISION

IN THE MATTER of Articles 20, 21, 23 and 27 of the Constitution of the Commonwealth of The Bahamas

AND IN THE MATTER of the provisions of the Securities Industry Act, 2011

AND IN THE MATTRER of the provisions of the Securities Industry Regulations, 2012

AND IN THE MATTER of the provisions of the Evidence (Proceedings in other Jurisdictions) Act, 2000

BETWEEN

GIBRALTAR GLOBAL SECURITIES INC.
Plaintiff

AND

SECURITIES COMMISSION OF THE BAHAMAS
Defendant

## WRIT OF SUMMONS

2013

PUB/CON/

BAYCOURT CHAMBERS
CHAMBERS
FREDERICK HOUSE
SUITE 3.1, FREDERICK STREET
NASSAU, THE BAHAMAS
Matter# 2026-001
*Attorneys for the Plaintiff*