COMMONWEALTH OF THE BAHAMAS                           2013

IN THE SUPREME COURT

PUBLIC LAW DIVISION                                   PUB/con/00027

*[Stamp: SUPREME COURT FEB 2 4 2015 NASSAU, BAHAMAS]*

**IN THE MATTER** of Article 20, 21, 23 and 27 of the Constitution of the Commonwealth of The Bahamas

**AND IN THE MATTER** of the provisions of the Securities Industry Act, 2011

**AND IN THE MATTER** of the provisions of the Securities Industry Regulations, 2012

**AND IN THE MATTER** of the provisions of the Evidence (Proceedings in order Jurisdictions) Act, 2000

<u>BETWEEN</u>

GIBRALTAR GLOBAL SECURITIES INC.

Plaintiff

AND

THE SECURITIES COMMISSION OF THE BAHAMAS

Defendant

### AFFIDAVIT

I, Christina R. Rolle of the Western District of the Island of New Providence in the Commonwealth of The Bahamas make oath and say as follows:-

1. I am the Executive Director of the Defendant and am duly authorized to make this affidavit on behalf of the Defendant.

2. Insofar as the facts and matters to which I depose herein are within my own knowledge they are true and insofar as they are derived from statements I have heard or documents I have read, they are true to the best of my knowledge and belief. Save where otherwise stated, I depose to the facts and matters herein from the knowledge derived by me in my capacity as Executive Director aforesaid.

3. I make this affidavit in support of the application by the Defendant for; (i) an Order pursuant to Order 18 rule 19 of the Rules of the Supreme Court, (ii) an Order under the inherent jurisdiction of the court, that this action be dismissed for want of prosecution; (iii) an Order that the Plaintiff's claim be dismissed under the provisions of the Limitation Act and (iv) an Order that the Plaintiff bear the Defendant's Costs, such Costs to be taxed if not agreed and for such other use of these proceedings as the Defendant may find needful.

4. I am advised by Counsel for the Defendant that the substantive course of this action, from its inception to date, has been as follows:-

4.1 On the 16th September, 2013 Mr. Raynard Rigby practising law in the name of Baycourt Chambers filed a generally endorsed Writ of Summons at the instance of the Plaintiff Gibraltar Global Securities Inc. against the Defendant. By the said Writ, the Plaintiff claimed the following:-

(a) An Order to direct the Defendant to exercise its powers under section 71 of the Securities Industry Act, 2011 (**"SIA"**).

(b) A Declaration that the Defendant by its failure to act pursuant to its powers under the said section 71 of the SIA is in violation of the said section.

(c) A Declaration that the ambit of the Defendant's statutory power or authority under section 71 of the SIA does not impose upon the Defendant a right to reject a voluntary surrender of registration by a registrant.

(d) A Declaration that the Defendant's refusal to accept, whether subject to terms or otherwise, the Plaintiff's voluntary surrender of registration is foul of the said section 71 of SIA, against administrative jurisprudence and the law generally as a regulator.

(e) A Declaration that section 71 of the SIA by reasonably implication mandates that the Defendant would act prudently in considering an application for voluntary surrender of registration and would not unreasonably withhold its approval (or otherwise).

(f) A Declaration that section 32 of SIA is foul of the Constitution and more particularly, Articles 20, 21, 23 and 27.

(g) A Declaration that section 28 of SIA is void in as much as it seeks to prevent the Defendant from making reasonable disclosures to the Plaintiff (or a registrant) and is thereby foul of Articles 20, 21, 23 and 27 of the Constitution.

(h) A Declaration that the provisions of section 42 and 43 of the SIA do not empower or authorize the Defendant to exercise any of its (statutory) investigate powers for the purpose of facilitating or promoting the requests from Foreign Regulatory Authorities.

(i) A Declaration that the provisions of section 132 of the SIA is not operative to ground a jurisdiction in the Defendant to issue compliance orders for the purposes to facilitate any assistance that can (or should be) rendered under section 37 of the SIA, that is the jurisdiction under section 132 can

only be invoked by the Defendant in the context of its lawful legislative (constitutional) powers under the Act.

(j) A Declaration that the Defendant has a legal right, duty and obligation to disclose to the Plaintiff (or any registrant) the nature, scope, specifics and appropriate details of a request for information or documents emanating from a Foreign Regulatory Authority.

(k) A Declaration that section 28(1) of the SIA does not prevent, hinder or curtail the Defendant's legal duty and obligation to disclose to the Plaintiff (or any registrant) the nature, scope and specifics of a request from Foreign Regulatory Authorities, whereby the same does not constitute a criminal offence or a breach of securities law of The Bahamas.

(l) A Declaration that section 28(2) empowers the Defendant to disclose such details or information to the Plaintiff (or a registrant) as to be aware of the scope and nature of the request of Foreign Regulatory Authorities.

(m) A Declaration that the provisions of the SIA relative to the disclosure of information, pursuant to section 37 of the SIA and/or the provisions of sections 50 and 53, are foul of Articles 20, 21, 23 and 27 of the Constitution.

(n) A Declaration that Section 53 of the SIA is foul of the Constitution and amounts to contravention of the rights set out in Articles 21, 23 and 27 of the Constitution.

(o) A Declaration that the relevant provisions of the SIA, namely sections 28, 37 and 53 (and otherwise) are foul of and should be read in conjunction and alongside the provisions and the legislative requirement set out in the Evidence (Proceedings in Other Jurisdictions) Act, 2000.

(p) A Declaration that for the purported powers under which the Defendant purports to act in its letters dated 25th March, 2013, 29th April, 2013 and 22nd August, 2013 are foul of the law and the said Articles of the Constitution and thereby the Defendant has no lawful ground or basis to demand the disclosure of any such information and/or documents in the possession of the Plaintiff (or any registrant).

(q) A Declaration that the power and jurisdiction granted unto the Defendant under section 45 of the SIA could not be used for any ancillary purposes relating to a request from a Foreign Regulatory Authority whether pursuant to section 37 of the SIA or otherwise.

(r) An injunctive Order to prevent and prohibit the Defendant, its servants or agents from seeking, demanding, ordering or seeking to compel the Defendant to disclose any of the information as requested in the Defendant's letters dated 25th March, 2013, 29th April, 2013 and 22nd August, 2013 pending the hearing and determination of the matter or upon further Orders.

(s) An Order that by the disclosures of the Plaintiff on previous occasions to the Defendant pursuant to its purported statutory powers (under sections 36 and 37 of SIA or otherwise) the Defendant's actions arising from the said disclosure by the Plaintiff caused the Plaintiff to suffer loss and damages and to suffer loss of reputation and thereby the Defendant is liable to the Plaintiff.

(t) An Order for damages to be assessed arising from the wrongful acts of the Defendant as aforesaid.

(u) Interests pursuant to the Civil Procedure (Award of Interest) Act, 1992 on such amount as found due and owing to the Plaintiff.

(v)      Costs to the Order of the Plaintiff.

(w)     Such further and other relief as the Court may deem just.

4.2     The Defendant filed a Memorandum of Appearance on 20th September, 2013

4.3     A Statement of Claim was filed on the Plaintiff's behalf by Baycourt Chambers on the 26th November, 2013. [The Plaintiff's Writ of Summons is indorsed with the address of the Plaintiff, and does not indicate that the Plaintiff did not have the Writ of Summons issued as a direct action of the directors thereof but the Plaintiff went into voluntary liquidation on 29th August, 2012 more than a year before the writ was issued. No mention was made of the liquidation.]

4.4     An Amended Statement of Claim was filed on the Plaintiff's behalf by Baycourt Chambers on the 5th December, 2013. The Plaintiff again made no mention of its voluntary liquidation.

4.5     A Defence was filed on behalf of the Defendant on the 5th June, 2014 by Sharon Wilson & Co. who was appointed attorneys for the Defendant in a Notice filed 22nd May, 2014.

4.6     A letter was written on 24th September, 2014 by Sharon Wilson & Co. to Baycourt Chambers suggesting that the Defendant would seek to have the Plaintiff's case struck out.

4.7     Baycourt Chambers replied on the 29th September, 2014 stating that the request for a date for the case management conference has been submitted and there was no need for the Defendant's application.

5.     With the exception of the documents which have been filed on behalf of the Defendant in connection with the instant application no further filings have taken

place in the proceedings; and in particular it does not appear that the Plaintiff has taken any steps in the Court to drive these proceedings forward.

6.  The Defendant made application for a date from the Court to have this summons dealt with and up to this time no date for the case management conference has been notified to the Defendant.

7.  The Defendant has learnt from a declaration of the counsel and attorney for the Plaintiff that the Plaintiff went into voluntary liquidation on the 29th August, 2012. A copy of that declaration is exhibited herewith.

8.  The Plaintiff which is registered by the Defendant under the provisions of the Securities Industry Act 2011 (the Act) notified the Defendant by letter of the 31st January, 2013 that it had voluntarily surrendered its registration on that date. Section 71 of the Act provides that an application to surrender must be made to the Defendant and the Defendant may accept the voluntarily surrender if it is satisfied that the surrender would not be prejudicial to the public interest. A copy of the letter is exhibited herewith.

9.  When the Defendant got the letter from the Plaintiff notifying it of the purported surrender, the Defendant was under the duty and in the process of affording assistance under the provisions of section 37 of the Act in relation to the Plaintiff.

10. Subsequently the Securities and Exchange Commission of the United States of America also sought the production of information and material from the Plaintiff which the Plaintiff refused to supply as it refused to supply to the Defendant.

11. Under section 73 of the Act it is provided that a registered firm shall not go into voluntary liquidation without the prior approval of the Defendant; and the Plaintiff had gone into voluntary liquidation apparently without prior approval of the Defendant. The Plaintiff may then have opened itself to criminal charges which carry heavy fines.

12. Caught in the position in which it found itself the Plaintiff sought to employ a delaying tactic by filing a Writ of Summons against the Defendant claiming the

inordinately high number of reliefs set out in paragraph 4 hereof many of which are repetitive and are irrelevant.

13. It is up to each person to determine what form of action he may take when he has options and it was open to the Plaintiff to choose the issuance of a writ of summons for the reliefs set out instead of an originating summons which is a speedier method. But by using the writ of summons the Plaintiff is able to stretch out the proceedings to give itself more stalling time.

14. Having used the writ of summons the Plaintiff has not sought to move the proceedings along nor has it shown that it really intends to have the matter progress timeously to completion.

15. The Defendant is driven to the belief that the Plaintiff is delaying the matter and such delay is causing serious prejudice to the Defendant since it is preventing the Defendant from carrying out its statutory function in dealing with the Plaintiff and allowing the Plaintiff to interfere unduly with the Defendant's responsibilities under the Act. The Defendant is unable to carry out its statutory responsibilities to foreign agencies as is permitted under section 37 of the Act.

16. The said behavior of the Plaintiff in not prosecuting the action is permitting it to use its irregular position to hold off the Securities and Exchange Commission of the United States of America which is likely to cause parts of the Government of the United States of America to think of and treat the Defendant as a powerless and ineffective body.

17. Notwithstanding that the Defendant cannot be liable to the Plaintiff for any fines or penalties the Plaintiff has to pay in a foreign jurisdiction for its wrongdoing in that jurisdiction out of information provided under the Act by the Defendant to a foreign regulator the provisions of section 12 of the Limitation Act bar the Plaintiff from taking

action against the Defendant more than a year after any production of information in any event.

18. The contents of this Affidavit are correct and true to the best of my knowledge, information and belief.

SWORN at New Providence, Bahamas)
this 24th day of February )
)
A.D., 2015    Before me,         ) _____
)

_____
Notary Public

**This Affidavit is filed on behalf of the Defendant**

| | |
|---|---|
| COMMONWEALTH OF THE BAHAMAS | 2013 |

IN THE SUPREME COURT

PUBLIC LAW DIVISION                              PUB/con/00027

> IN THE MATTER of Article 20, 21, 23 and 27 of the Constitution of the Commonwealth of The Bahamas
>
> AND IN THE MATTER of the provisions of the Securities Industry Act, 2011
>
> AND IN THE MATTER of the provisions of the Securities Industry Regulations, 2012
>
> AND IN THE MATTER of the provisions of the Evidence (Proceedings in order Jurisdictions) Act, 2000

<u>BETWEEN</u>

**GIBRALTAR GLOBAL SECURITIES INC.**

Plaintiff

AND

**THE SECURITIES COMMISSION OF THE BAHAMAS**

Defendant

## CERTIFICATE

The Exhibits attached hereto are the Exhibits referred to in the **Affidavit of Christina R. Rolle.**

Dated the 24th day of February, A.D., 2015

*[signature]*

NOTARY PUBLIC



January 31st 2013

Mr. Dave S. Smith
Executive Director
The Securities Commission of The Bahamas
3rd Floor, Charlotte House
Charlotte Street
P. O. Box N- 8347
Nassau Bahamas

Dear Mr. Smith,

As of instant date, Gibraltar Global Securities Inc. voluntarily surrenders the enclosed original Broker Dealer Class 11 License #000174 and Financial And Corporate Services Providers License, Authorization no. 318 effective immediately.

We also enclose herewith Cheque # 909 drawn on the RBC in the amount of $1,416.67, which represents the pro-rated payment of the Registration and Licensing Fee for the month of January 2013.

Please feel free to contact our Financial Consultant, Mr. Philip Galanis Principal of HLB Galanis & Co, at tel #327-0689 for any query or concerns that you may have in this regard.

Yours truly

Warren A. Davis CFA
Managing Director

Jh/wd

TEL: 242.327.4474   FAX: 242.327.8875   214 Lagoon Court, Sandyport   P.O. BOX: SP-63886 Nassau, Bahamas   WEBSITE: www.ggsibahamas.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES & EXCHANGE COMMISSION,

        Plaintiff,

v.

GIBRALTAR GLOBAL SECURITIES, INC.,
and WARREN A. DAVIS,

        Defendants.

13 CV 2575 (GBD) (JCF)

## DECLARATION OF RAYNARD S. RIGBY

I, Raynard S. Rigby, declare as follows:

1. I am a practicing lawyer in Nassau, Bahamas. I graduated from the University of Western Ontario, Ontario, Canada with a B.A. in History (1991) and hold a LLB (Honours) degree from the University of Leeds, Leeds, United Kingdom (1994). I was admitted to the Bahamas Bar on 1st September, 1995. My firm is called Baycourt Chambers and I practice in the areas of Liquidations and Corporate Restructuring, Commercial and Civil Litigation, Insurance Litigation, Employment and Industrial Relations Law, Personal Injury and Medical Negligence Litigation, Corporate and Banking Law. I have lectured at the College of The Bahamas in the disciplines of History and Banking Law. I also have served as the Chairman of one of the leading political parties and as a former director of several government boards and community-based organizations.



licence/registration under section 71 of the SIA. Generally, it is the custom for the SCB to agree to the surrender once it is granted safeguards with respect to the retention of the documents for the required statutory period of seven years. In this instance, the SCB refused to agree to surrender the licence/registration of GGSI. The SCB has provided no reason for its refusal. This decision is now the subject of the aforesaid action by GGSI against the SCB before the Bahamian Supreme Court. The action also seeks a number of other orders and declarations relating to the actions and conduct of the SCB vis-à-vis GGSI. The action is at the stage of Case Management Conference which will set the required time lines for the necessary procedural matters to enable the hearing and determination of the matter at a trial.

7. It must also be noted that on 29th August, 2012 GGSI passed a Resolution dissolving the company and appointing a liquidator. In Bahamian law, once a liquidator is appointed the directors of the company cease to function and the actions and management of the company is passed to the liquidator. Section 202 of the Companies Act, sets out the duties of the official liquidator.

8. The SCB, under section 73 of the SIA, must approve a registrant's decision to proceed to a voluntary liquidation. GGSI has complied with all of the requests from the SCB in respect of the surrender of its licence/registration and for it to proceed to a voluntary liquidation which included the provision of a Plan of Dissolution. The appointment of a liquidator and the unexplained failure of the SCB to approve GGSI's liquidation leave GGSI in legal limbo and therefore is also the subject of the aforesaid action before the Bahamian Supreme Court.

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

PUBLIC LAW DIVISION

IN THE MATTER of Article 20, 21, 23 and 27 of the Constitution of the Commonwealth of The Bahamas

AND IN THE MATTER of the provisions of the Securities Industry Act, 2011

AND IN THE MATTER of the provisions of the Securities Industry Regulations, 2012

AND IN THE MATTER of the provisions of the Evidence (Proceedings in other Jurisdictions) Act, 2000

**BETWEEN**

GIBRALTAR GLOBAL SECURITIES INC.

Plaintiff

AND

THE SECURITIES COMMISSION OF THE BAHAMAS

Defendant

---

## AFFIDAVIT

---

2013

PUB/con/00027

*Sharon Wilson & Co.* (signature)

SHARON WILSON & CO.
Chambers
Delvest House
East Shirley Street & Highland Terrace
New Providence, Bahamas

*Attorneys for the Defendant*