```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SECURITIES AND EXCHANGE COMMISSION,:    13 Civ. 2575 (GBD) (JCF)
                                   :
          Plaintiff,               :       MEMORANDUM
                                   :       AND  ORDER
    - against -                    :
                                   :
GIBRALTAR GLOBAL SECURITIES, INC.  :
and WARREN A. DAVIS,               :
                                   :
          Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is an action (the "Gibraltar" action) brought by the Securities and Exchange Commission (the "SEC") alleging violations of the federal securities laws by Gibraltar Global Securities, Inc. ("Gibraltar"), a Bahamian broker-dealer, under the direction of its president and sole shareholder, Warren A. Davis.  The SEC is also suing Gibraltar and Mr. Davis, as well as several other defendants, in a separate action that has been consolidated with Gibraltar for discovery purposes.  See Securities and Exchange Commission v. Carrillo Huettel LLP, No. 13 Civ. 1735.  De Feis O'Connell & Rose, P.C. ("DOR"), which presently represents Gibraltar and Mr. Davis in both Gibraltar and Carrillo Huettel, now moves pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") to withdraw as counsel of record in both cases.  For the reasons that follow, the motion is denied without prejudice to a future application upon the satisfaction of certain conditions.

1

Background

The SEC commenced the Carrillo Huettel action on March 15, 2013, and the Gibraltar action on April 18, 2013. Discovery is ongoing in both cases. (Memorandum of Securities and Exchange Commission in Opposition to Motion of Defendants' Counsel to Withdraw ("SEC Opp.")[1] at 2).

In early April 2015, I ordered that Mr. Davis and Gibraltar produce certain documents identified in their initial disclosures no later than April 15, 2015; that their depositions take place in New York; and that the SEC bear the reasonable cost of travel and accommodation for the depositions. SEC v. Gibraltar, No. 13 Civ. 2575, 2015 WL 1514746, at *6 (S.D.N.Y. April 1, 2015); (Memorandum Endorsement dated April 2, 2015). To date, the defendants have not produced the ordered documents or responded to inquiries from the SEC's counsel regarding the scheduling of their depositions. (SEC Opp. at 3-4). Mr. Davis now represents that he does not intend to defend either action or to participate in discovery, and that no party is willing to fund the defense of Gibraltar, which has no assets. (Affidavit of Warren A. Davis dated April 23, 2015 ("Davis Aff."), attached as Exh. A to Letter of Philip C. Patterson dated April 24, 2015 ("DOR Reply"), ¶¶ 2, 5).

---

[1] This memorandum was filed by the SEC in the Gibraltar case, and is incorporated by reference in the opposition letter filed by the SEC in the Carrillo Huettel case. (Letter of Todd D. Brody dated April 20, 2015, Carrillo Huettel, 13 Civ. 1735, ECF No. 227 ("Brody Letter") at 1).

Discussion

    A.    Legal Standard

Withdrawal of counsel is governed by Local Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . . .

When considering whether to grant a motion to dismiss, district courts must therefore analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.  "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

    B.    Reasons for Withdrawal

DOR provides two reasons that they should be permitted to withdraw.  First, they argue that their withdrawal is appropriate because neither Mr. Davis nor Gibraltar can afford to defend the action (nor do they intend to do so), and because, consequently, DOR is owed six months' worth of legal fees. (Memorandum of Law in Support of Motion to Withdraw as Counsel ("DOR Memo.") at 2-3; DOR Reply at 2).  Non-payment of legal fees constitutes a "satisfactory reason" for allowing withdrawal. See, e.g., Sentient Flight Group, LLC v. Klein, No. 09 Civ. 7170, 2011 WL 1431987, at *1 (S.D.N.Y. Jan. 6, 2011) ("Non-payment of attorney's fees is a proper basis

for a withdrawal of counsel."); Century Jets Aviation, LLC v. Alchemist Jet Air, LLC, Nos. 08 Civ. 9892, 09 Civ. 7659, 2009 WL 4035642, at *2 (S.D.N.Y. Nov. 23, 2009) ("It is well-settled that non-payment of counsel fees is a proper basis for withdrawal."); Melnick v. Press, No. 06 CV 6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4."). However, in the absence of proof that an attorney's client is truly unable to fulfill the payment obligations in question, courts have found non-payment of attorney's fees alone not to be a sufficient basis for withdrawal. See, e.g., Ellis v. Jean, No. 10 Civ. 8837, 2013 WL 662454, at *1 (S.D.N.Y. Feb. 20, 2013) (finding non-payment to be insufficient reason for withdrawal in absence of evidence that client "deliberately disregarded" financial obligations, evidence of failure to cooperate with counsel, or non-hearsay evidence of client's inability to pay in future); Rophaiel v. Alken Murray Corp., No. 94 Civ. 9064, 1996 WL 306457, at *1-2 (S.D.N.Y. June 7, 1996) (requiring financial statements from corporate client and tax returns from individual clients demonstrating inability to pay before considering withdrawal motion). As the SEC contends, DOR has not made a "sufficient showing of its clients' purported

4

financial delinquency." (SEC Memo. at 5-6). The firm has not specified how much Mr. Davis and Gibraltar currently owe in fees, submitted affidavits accounting for the clients' current assets, or provided any evidence of the clients' future inability to pay other than Mr. Davis' one-page affidavit, which is devoid of any detail. This reason therefore does not, on its own, justify withdrawal.

However, the second reason proffered for the withdrawal, which is that Mr. Davis has discharged DOR, is generally satisfactory. (DOR Memo. at 4-5; DOR Reply at 2; Davis Aff., ¶ 1). Pursuant to Rule 1.16(b)(3) of New York's Rules of Professional Conduct, an attorney is required to "withdraw from the representation of a client" if, among other circumstances, "the lawyer is discharged." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0. This rule governs the conduct of attorneys in federal courts sitting in New York as well as in New York state courts. Ritchie v. Gano, No. 07 Civ. 7269, 2008 WL 4178152, at *3 (S.D.N.Y. Sept. 8, 2008) ("New York's Code of Professional Responsibility . . . establishes appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."); King v. Fox, No. 97 Civ. 4134, 2005 WL 741760, at *2 (S.D.N.Y. March 31, 2005) ("The American Bar Association Code of Professional Responsibility . . . , as adopted by the New York courts, establishes the appropriate guidelines for the professional conduct of attorneys in the United States District Courts in this state."); see also Local Rule 1.5(b)(5) (listing conduct violating New York's Rules of Professional Conduct as grounds for discipline of attorneys).

Thus, "when counsel has been discharged -- and agreed to the termination -- the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999).

    C.   Impact of Withdrawal

In addition to considering the reasons for withdrawal, I must assess whether "'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" Whiting v. Lacara, 187 F. 3d 317, 320-21 (2d Cir. 1999) (alteration in original) (quoting Brown v. National Survival Games, Inc., No. 91 CV 221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). The SEC argues that the motion should be denied because DOR's withdrawal would prejudice the SEC by further complicating discovery and by making communication with the defendants difficult. (SEC Opp. at 1-2, 6-7; Brody Letter at 3-4).

To date, Gibraltar and Mr. Davis have several unfulfilled discovery obligations. These obligations include those unambiguously set forth in my April 1, 2015 order, which compelled them to produce documents by April 15, 2015. (SEC Opp. at 2-4; Brody Letter at 3-4). Instead of complying with my order -- and without any advance notice to the SEC -- DOR filed the instant motion. (SEC Opp. at 2-3). DOR explains that "[s]ince Mr. Davis will not be defending these actions, [he] believes the document production [ordered on April 1] is or should be moot." (DOR Memo. at 2 n.1). Mr. Davis is incorrect. Regardless of whether he intends to defend these cases in the future, no default judgment

6

has been entered against him and he continues to be bound to comply with discovery obligations and court orders.  His continued insistence that he lacks custody or control over the documents I ordered him to produce -- a contention that I rejected -- also does not excuse him from these obligations, <u>see</u> Fed. R. Civ. P. 37(d)(2), nor does the filing of this motion the day before the production was due.  Furthermore, none of these circumstances excuses Mr. Davis from appearing for his deposition, which, as I previously ordered, will take place in New York at the SEC's expense.  (Order dated April 2, 2015).

In cases where discovery has not yet closed and trial is months away, the impact of withdrawal is typically not substantial enough to counsel against it.  <u>See, e.g.</u>, <u>Karimian v. Time Equities, Inc.</u>, No. 10 Civ. 3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (granting motion to withdraw where discovery not yet closed, trial several months away, and new attorney would have sufficient time to become familiar with case); <u>Freund v. Weinstein</u>, No. 08 CV 1469, 2009 WL 750242, at *1 (E.D.N.Y. March 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages."); <u>Brown</u>, 1994 WL 660533, at *3 ("In the case at bar, although the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial.  Thus, granting the instant motion will not likely cause undue delay.").

Here, however, it is clear that DOR's withdrawal would further delay -- perhaps indefinitely -- the already overdue production of

documents and the scheduling of the defendants' depositions. Indeed, the withdrawal appears to be designed for that purpose. The defendants and their counsel have already delayed the depositions of Mr. Davis and Gibraltar by failing to cooperate with the SEC regarding scheduling. (SEC Memo. at 4). DOR then filed this motion the day before the defendants were required to produce documents pursuant to my order, without requesting an extension of time to produce such documents or notifying the SEC that they would not be timely produced. Mr. Davis professes that he does not believe he is obligated to engage with the litigation, that he does not intend to do so, and that he will not hire replacement counsel. (DOR Memo. at 1-2 & n.1; Davis Aff., ¶¶ 5-7). The SEC's efforts to obtain discovery and testimony would be further frustrated in the event of withdrawal because they have no means of communicating directly with Mr. Davis or Gibraltar.[2]

It would be inappropriate to reward these dilatory tactics and Mr. Davis' disregard for the court's authority by granting the withdrawal motion at this time, thereby significantly disrupting the prosecution of both Gibraltar and Carrillo Huettel. See SEC v. Great American Technologies, Inc., No. 07 Civ. 10694, 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009) (denying motion to withdraw where party in question had disobeyed discovery orders and willfully delayed scheduling of deposition, finding withdrawal

---

[2] DOR contends that the SEC is able to communicate with both defendants through Bahamian counsel. (DOR Reply at 3). However, no Bahamian attorney has appeared in this litigation nor, to my knowledge, has such an attorney been designated as Mr. Davis' and Gibraltar's agent for the purpose of service.

would "necessarily lead to further delays in the completion of th[e] case"); Small v. Regalbuto, No. 06 CV 1721, 2009 WL 1911827, at *2 (N.D. Ohio June 29, 2009) (denying motion to withdraw that appeared to be "a delaying tactic to again avoid providing the discovery" that the defendant had already "substantial[ly] delay[ed]" in case where counsel was fired); Towns v. Morris, 50 F.3d 8, at *2 (Table) (4th Cir. 1995) (finding denial of withdrawal motion pending compliance with discovery obligations in case where attorney was discharged "consistent with the court's responsibility to fairly and effectively administer the litigation").

Conclusion

In light of the disruption DOR's withdrawal would cause under the present circumstances, DOR's motion (Docket no. 56) is denied without prejudice to any future application made upon a showing that: (1) Gibraltar and Mr. Davis have produced the required discovery, (2) Mr. Davis and Gibraltar's witnesses have appeared for deposition, and (3) the SEC has been provided with Mr. Davis' e-mail address, phone number, and physical address, as well as a physical address at which Gibraltar may be served.

SO ORDERED.

*James C. Francis IV* (signature)
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       May 8, 2015

Copies mailed this date:

Kevin P. O'Rourke, Esq.
Douglas C. McAllister, Esq.
Gerald W. Hodgkins, Esq.
Robert A. Giallombardo, Esq.
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549

Nicholas M. DeFeis, Esq.
Philip C. Patterson, Esq.
Allison S. Menkes, Esq.
De Feis O'Connell & Rose, P.C.
500 Fifth Ave., 26th Floor
New York, NY 10110