**DE FEIS O'CONNELL & ROSE, P.C.**
ATTORNEYS AT LAW
500 FIFTH AVENUE
26TH FLOOR
NEW YORK, NEW YORK 10110
www.dorlaw.com

NICHOLAS M. DE FEIS
GREGORY J. O'CONNELL
CHARLES E. ROSE (1947-1998)

ANDREW J. MALONEY
OF COUNSEL

TELEPHONE (212) 768-1000
TELECOPIER (212) 768-3511

May 13, 2015

**Via ECF and Facsimile**

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    **SEC v. Gibraltar Global Securities, Inc., et al., 13 CV 2575 (GBD) (JCF)**
               **SEC v. Carrillo Huettel LLP, et al., 13 CV 1735 (GBD) (JCF)**

Dear Judge Daniels:

      This firm represents defendants Warren Davis and Gibraltar Global Securities, Inc., ("GGSI"). In anticipation of tomorrow's conference, we write to object to Magistrate Judge Francis's May 8, 2015 decision denying without prejudice our application to withdraw as counsel for these clients and respectfully request that the Court review this determination and grant our application to withdraw. *See* 13 CV 2575, ECF Doc. No. 64; 13 CV 1735, ECF Doc. No. 229 (hereinafter "Order"). The Order contains conditions for withdrawal that are impossible for this firm to meet and contrary to law.[1]

      As a preliminary matter, the Order unfortunately assumes that denying our application to withdraw will have some impact on our client's willingness to participate in discovery or that this firm, which has effectively been discharged by our foreign client, can compel the client to produce documents and sit for a deposition in this country. There is no support for this position in case law or logic. Davis has emphatically stated that he does not want to defend these cases

---

[1] We focus our attention on the conditions related to providing discovery. We are discussing with Davis and his Bahamian counsel the need to provide appropriate information for service of process in The Bahamas.

and has asked us to cease legal work on his behalf.  *See* Davis Aff. (13 CV 2575, ECF Doc. No. 63, Ex. 1).[2]

Controlling legal authority, including the code of professional responsibility, state that an attorney "shall" withdraw where the attorney is discharged.  *See* N.Y. Rules Prof. Conduct R. 1.16(b)(3); *see also Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 538 (W.D.N.Y. 2014) ("[W]here the client has terminated the relationship, 'by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions.'") (quoting *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999)); *Casper v. Lew Lieberbaum & Co.*, No. 97 CV 3016 (JGK) (RLE), 1999 U.S. Dist. LEXIS 7779, at *4 (S.D.N.Y. May 26, 1999) ("[W]hen counsel has been discharged – and agreed to the termination – the order to withdraw should issue except under the most compelling circumstances.  The Court's failure to issue an order would, in effect, cause the formation of a new contract for representation.").  Indeed, the Magistrate Judge accepts and even cites some of this authority in denying our application to withdraw on the present record.  *See* Order at 5-6.

The legal fees, which are in arrears and growing, are a secondary reason also supporting withdrawal.[3]  Even if our bills were current, we believe the ethical rules would require us to make this application.  We are not aware of any opinion where a court denied withdrawal when a client was in comparable arrears and had submitted an affidavit declaring an intention to cease a defense in the action.[4]

The Magistrate Judge's determination that withdrawal of counsel will somehow delay prosecution of these cases or is a "dilatory tactic[]" ignores the fact that Davis will not oppose immediate entry of judgment in favor of the SEC in these cases.  *See* Order at 8; Davis Aff. (13 CV 2575, ECF Doc. No. 63, Ex. 1).  The Order cites the *Great American Technologies* opinion to support this holding, but in that case the Court denied withdrawal of a corporation's second attorney in the case after the corporation failed to retain new counsel for six months until the night before the Court was to enter a default, and new counsel then engaged in gamesmanship over deposition dates and obstructed the SEC's communications with a witness.  *See* Order at 8

---

[2] As set forth in our April 24, 2015 Letter responding to the SEC's oppositions, we have offered to provide for in camera inspection our communication to Mr. Davis and Bahamian counsel anticipating issues raised in the SEC's oppositions and advising as to likely consequences of our withdrawal.  *See* 13 CV 2575, ECF Doc No. 63 at 1.  Without waiving privilege, we can also represent that we have counseled Mr. Davis as to his discovery obligations while the matter remains pending, and copied him on all filings relevant to the issues now before the Court.

[3] In our April 24, 2015 letter to the Court responding to the SEC's oppositions, we represented to the Court that the arrears was "in excess of six figures for legal services rendered in these actions and the account has been in arrears for over six months."  *See* 13 CV 2575, ECF Doc No. 63 at 2.  We will provide an exact statement for in camera review by the Court upon request.  GGSI, as noted, is out of business and Mr. Davis has advised that he does not plan to pay for additional legal services that he does not want.  He has declined to provide a financial statement.

[4] The Order cites the *Ellis* and *Rophaiel* opinions but they are distinguishable.  *See* Order at 4 (citing *Ellis v. Jean*, No. 10 Civ. 8837, 2013 U.S. Dist. LEXIS 23454, 2013 WL 662454, at *1 (S.D.N.Y. Feb. 20, 2013) (denying withdrawal where attorney for famous recording artist did not reveal amount or duration of arrears); *Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 U.S. Dist. LEXIS 7796, 1996 WL 306457, at *1-2 (S.D.N.Y. June 7, 1996) (denying withdrawal where attorney for corporation in business since 1934 identified only two months' arrears and did not specify amount attributable to representation of corporation in that case).

(citing *SEC v. Great American Technologies, Inc.*, No. 07 CV 10694, 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009)).  Moreover, at the time of that order the corporation intended to continue defending the action.[5]  In this case, the SEC's DC Office has cancelled the planned depositions of Davis and GGSI and indicated that it is about to move for a default.  *See* Email from Kevin O'Rourke dated May 8, 2015 (annexed hereto as Exhibit 1).  This application will not be opposed by Mr. Davis, by this law firm or by any other law firm.

Concededly, Davis has not provided discovery previously ordered by the Magistrate Judge or appealed that decision, but this should not hold up progress of the case against him or co-defendant GGSI.  Davis has been counseled as to the risks of failing to produce the requested documents.  *See supra* note 2.  As to his deposition, Davis had already resolved to assert his Fifth Amendment privilege as to the allegations contained in the complaints – and has been advised about attendant risks.  *See* Letter in Response to SEC Oppositions, dated April 24, 2015, at 3 (13 CV 2575, ECF Doc. No. 63).

While we do not minimize the effect of Davis's failure to supply discovery, it should have limited impact in the cases against him and GGSI and certainly should not delay their progress.  The SEC has various means to obtain the requested materials.  Keeping our firm in these cases against Davis's expressed wishes will not yield these items and as such the SEC has not demonstrated "compelling circumstances" necessary to deny the application to withdraw.  *See Steele v. Bell*, No. 11 CV 9343, 2012 U.S. Dist. LEXIS 180405, at *5-7 (N.D.N.Y. Dec. 19, 2012) (quoting *Casper*, 1999 U.S. Dist. LEXIS 7779, at *4).  As such and for the foregoing reasons, we respectfully submit that the Order is both erroneous and contrary to law.  Fed. R. Civ. P. 72(a).

Respectfully Submitted,

Nicholas M. De Feis (ND-1325)

Enclosure

cc (via ECF):  All parties

---

[5] We previously distinguished the *Small* and *Towns* opinions.  *See* Order at 9 (citing *Small v. Regalbuto*, No. 06 CV 1721, 2009 WL 1911827 (N.D. Ohio June 29, 2009); *Towns v. Morris*, 50 F.3d 8 (4th Cir. 1995); *see also* Letter in Response to SEC Oppositions, dated April 24, 2015, at 2 (13 CV 2575, ECF Doc. No. 63).