UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>      v.<br><br>GIBRALTAR GLOBAL SECURITIES, INC.,<br>and WARREN A. DAVIS,<br>                    Defendants. | 13 CV 2575 (GBD) (JCF) |

**FINAL JUDGMENT OF DEFAULT AGAINST GIBRALTAR GLOBAL SECURITIES, INC. AND WARREN DAVIS AND ENTERING JUDGMENT OF PERMANENT INJUNCTIONS, ORDERS TO PAY DISGORGEMENT AND CIVIL MONETARY PENALTIES**

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for a Sanction of Default Judgment and Related Remedies Against Defendants Gibraltar Global Securities, Inc. and Warren Davis. Having considered the motion and the entire record, the Court enters the following order granting the SEC's motion, and imposing a Rule 37 sanction of a default judgment and the remedies of permanent injunctions, orders to pay disgorgement and civil monetary penalties.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The SEC filed a Complaint, and Defendants Gibraltar Global Securities, Inc. ("Gibraltar") and Warren A. Davis ("Davis") (collectively, "Defendants") entered a general appearance and filed an Answer. The Court has jurisdiction over the Defendants and the subject matter of this action.

2. The SEC has filed a motion for a sanction of default judgment pursuant to Federal Rules of Civil Procedure Rule 37(b)(2)(A)(vi) and Rule 37(d)(3) against the Defendants based on the

refusal of the Defendants to comply with the discovery orders of the Court. Based on the requested sanction of default judgment, the SEC requests that the Court provide appropriate remedies, including the ordering of injunctions, orders to pay disgorgement and civil monetary penalties.

3. The Defendants have stated that they do not oppose the SEC's motion and the entry of a default judgment. The Defendants also have made it clear that they will not participate further in the proceedings of the Court.

4. On April 1, 2015, the Court issued a Memorandum and Order (Docket No. 52) in which the Court found that Defendants possessed documents that were the subject of a discovery request and had not proven the existence of Bahamian prohibitions that justified their refusal to produce documents. The Court ordered that: "The Defendants shall produce the requested documents within two weeks of the date of this order." The Court's order to produce documents was clear and unambiguous.

5. On April 15, 2015, the due date for production of documents, Defendants did not produce any of the ordered documents. Defendants still have not produced any documents pursuant to this Court's order. Defendants have made it clear that their failure to produce was intentional.

6. The Defendants also have failed to comply with the obligation imposed on them by the Court's Memo Endorsement dated April 2, 2015, which ordered Defendants to attend their depositions in New York, with the travel expenses to be paid by the SEC. (Docket No. 53.) The Court's deposition order was clear and unambiguous. Defendants refused to obey the Court's order to attend their depositions.

7. Defendants' failure to produce documents was in willful violation of the Court's order. Defendants' failure to attend their depositions in New York was also in willful violation of the

Court's order.  The Defendants have made it clear that no additional warning or sanction will result in compliance with the Court's orders.

8.   Under these circumstances, a sanction of default judgement pursuant to Rules 37(b)(2)(A)(vi) and 37(d)(3) is appropriate and should be entered.

9.   Because default judgment is appropriate in this case, the allegations of the Complaint are accepted as true for purposes of determining liability such that the Defendants may not raise any defense at the relief stage that effectively contests settled issues of liability.

10.   Gibraltar and Davis, for himself and as the controlling person of Gibraltar, have violated Section 15(a)(1) of the Exchange Act of 1934 (failure to register with the SEC as a broker-dealer)[15 U.S.C.§ 78o].

11.   Gibraltar and Davis have violated Sections 5(a) and (c) of the Securities Act of 1933 (offering or sale of securities not subject to a registration statement and not exempt from registration)[15 U.S.C. §§ 77e(a) and (c)].

12.   The SEC has provided a reasonable approximation of the ill-gotten gains made by Gibraltar and Davis based on the violations of Section 15(a)(1) of the Exchange Act and Section 5 of the Securities Act.

13.   As a result of the Section 15(a)(1) violation, Defendants obtained total ill-gotten gains of $3,486,867 on sales of shares on behalf of U.S. customers in excess of $100 million through U.S. broker-dealers.  The amount of prejudgment interest on the ill-gotten gains, calculated using the IRS underpayment rate, is $614,995.  When the prejudgment interest is added to the amount of ill-gotten gains, the total amount of disgorgement for the Section 15(a)(1) violation is $4,101,862.

14. As a result of the Section 5 violation, Defendants received ill-gotten gains based on sales proceeds, adjusted to eliminate any double counting, of $11,043,051. The amount of prejudgment interest on the ill-gotten gains, calculated using the IRS underpayment rate, is $2,100,849. When the prejudgment interest is added to the amount of ill-gotten gains, the total amount of disgorgement for the Section 5 violation is $13,143,900.

15. Defendants received total ill-gotten gains of $14,529,918, which together with prejudgment interest of $2,715,844, amount to disgorgement of $17,245,762 for purposes of Defendants' violations of both Section 15(a)(1) of the Exchange Act and Section 5 of the Securities Act.

16. Davis and Gibraltar are jointly and severally liable for disgorgement of $17,245,762.

17. Due to the egregious nature of Defendants' conduct, which involved deliberate or reckless disregard of a regulatory requirement, the Court has determined that a second tier penalty should be separately applied to each of the Defendants pursuant to 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3).

18. Defendants' collective pecuniary gain was $14,492,049, the amount of disgorgement for both the Section 15(a)(1) and Section 5 violations for the time period within the statute of limitations. Every transaction was done by Gibraltar while Davis was its sole owner and president. Defendants shared in the misconduct and its rewards equally. Thus, the Court splits the pecuniary gain of Defendants' scheme equally between them and imposes a $7,246,024 penalty on each defendant.

Accordingly, it is hereby: **ORDERED, ADJUDGED, AND DECREED** that the SEC's motion for a sanction of default judgment and related remedies against Defendants is **GRANTED**. Final Judgment is entered as follows:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Gibraltar Global Securities, Inc. and Warren Davis are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o, by, directly or indirectly, in the absence of any applicable exemption: making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Gibraltar Global Securities, Inc. and Warren Davis are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Gibraltar Global Securities, Inc. and Warren Davis are liable, jointly and severally, for disgorgement of $14,529,918, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,715,844, for a total of $17,245,762. In addition, Defendants Gibraltar Global Securities, Inc. and Warren Davis are each liable for a civil penalty in the amount of $7,246,024, pursuant to Section 20(d) of the

6

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78U(d)(3)]. Defendants shall satisfy this obligation by paying $17,245,762 disgorgement and each paying $7,246,024 in penalty to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at: http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the name(s) of the Defendant(s) making the payment; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Kevin P. O'Rourke, 100 F Street, N.E., Washington, D.C. 20549-5949. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that it or he is entitled to, nor shall it or he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

For all purposes related to this case, service upon Davis and Gibraltar shall be deemed complete by sending papers to: warrenanthonydavis@gmail.com.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  _____, _____          _____

                                                               HONORABLE GEORGE B. DANIELS

                                                               UNITED STATES DISTRICT JUDGE