# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>GIBRALTAR GLOBAL SECURITIES, INC., and WARREN A DAVIS,<br><br>Defendants. | 13 cv 2575 (GBD) (JCF) |

### REVISED NOTICE OF DEPOSITION OF WARREN DAVIS

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Federal Rules of Civil Procedure and the April 1, 2015 ruling of the Honorable James C. Francis (Docket No. 53), Plaintiff Securities and Exchange Commission will take the deposition upon oral examination, before an officer duly authorized to administer oaths, of Defendant Warren Davis, on May 12, 2015, beginning at 9:00 a.m., at the Securities and Exchange Commissions, New York Regional Office, 200 Vesey Street, Suite 400, New York, NY 10281-1022. The deposition will be recorded by a stenographer and videographer.

Pursuant to the Court's ruling, Defendant Warren Davis is required to attend the deposition.

Dated: May 4, 2015

*/s/ Kevin O'Rourke*
Kevin P. O'Rourke
Attorney for Plaintiff
United States Securities and
Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
Tel:  (202) 551-4442
Fax:  (202) 772-9245
Email:  Orourkek@sec.gov

<u>CERTIFICATE OF SERVICE</u>

   I, Kevin P. O'Rourke, hereby certify that on May 4, 2015, I caused to be served a true and correct copy of the REVISED NOTICE OF DEPOSITION OF WARREN DAVIS on the following by email and UPS Overnight Mail:

Nicholas M. De Feis
Philip Patterson
De Feis O'Connell & Rose, P.C.
500 Fifth Ave, 26th Floor
New York, NY 10110
*Counsel for Defendants Warren Davis and Gibraltar Global Securities*
**<u>Served via USPS First Class Mail in addition to email and UPS Overnight Mail</u>**

Thomas J. Curran
Doris D. Short
Peckar & Abramson
41 Madison Ave., 20th Floor
New York, NY 10010
*Counsel for Defendant Luis J. Carrillo*

William B. Fleming
Gage Spencer & Fleming LLP
410 Park Avenue
New York, NY 10022
*Counsel for Defendant Wade Huettel*

Christopher Bruno
Bruno & Degenhardt, P.C.
10615 Judicial Drive, Ste 703
Fairfax, VA 22030
*Counsel for Defendant John B. Kirk*

Steven D. Feldman
Sharon O'Shaughnessy
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
*Counsel for Defendant Benjamin T. Kirk*

Mitchell Herr
Stephen Warren
Holland & Knight
701 Brickell Ave., Suite 3000
Miami, FL 33131
*Counsel for Defendant Dylan L. Boyle*

James D. Sallah
David R. Chase
Mark J. Astarita
Sallah Astarita & Cox, LLC
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
*Counsel for Defendant James K. Hinton*

David Gourevitch
Law Office of David U. Gourevitch, P.C.
875 Third Ave., 28th Floor
New York, NY 10022
*Counsel for Defendant Luniel de Beer*

_____
KEVIN P O'ROURKE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br>v.<br><br>GIBRALTAR GLOBAL SECURITIES, INC., and WARREN A DAVIS,<br><br>      Defendants. | 13 cv 2575 (GBD) (JCF) |

### REVISED NOTICE OF DEPOSITION OF GIBRALTAR GLOBAL SECURITIES, INC

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure Rule 30(b)(6) and the April 1, 2015 ruling of the Honorable James C. Francis (Docket No. 53), Plaintiff Securities & Exchange Commission ("SEC") will take the deposition of Gibraltar Global Securities, Inc ("GGSI") at the date, time, and location indicated below:

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Gibraltar Global Securities, Inc., pursuant to Rule 30(b)(6) of Federal Rules of Civil Procedure | May 12, 2015 at 11:30 A.M. | Securities and Exchange Commissions<br>New York Regional Office<br>200 Vesey Street, Suite 400<br>New York, NY 10281-1022 |

The Rule 30(b)(6) deposition of GGSI will be related to subject matters identified in Exhibit A. The deposition will be recorded by a stenographer and videographer.

Pursuant to the Court's ruling, Defendant GGSI is required to attend the deposition and to designate representatives to testify on its behalf concerning the subject matters specified in Exhibit A.

Dated:  May 4, 2015

By:   */s/ Kevin P. O'Rourke*
      KEVIN P. O'ROURKE

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549-1040
Telephone: (202) 551-4442

## **CERTIFICATE OF SERVICE**

      I, Kevin P. O'Rourke, hereby certify that on May 4, 2015, I caused to be served a true and correct copy of the REVISED NOTICE OF DEPOSITION OF GIBRALTAR GLOBAL SECURITIES, INC on the following by email and UPS Overnight Mail:

Nicholas M. De Feis
Philip Patterson
De Feis O'Connell & Rose, P.C.
500 Fifth Ave, 26th Floor
New York, NY 10110
*Counsel for Defendants Warren Davis and Gibraltar Global Securities*
**Served via USPS First Class Mail in addition to email and UPS Overnight Mail**

Thomas J. Curran
Doris D. Short
Peckar & Abramson
41 Madison Ave., 20th Floor
New York, NY 10010
*Counsel for Defendant Luis J. Carrillo*

William B. Fleming
Gage Spencer & Fleming LLP
410 Park Avenue
New York, NY 10022
*Counsel for Defendant Wade Huettel*

Christopher Bruno
Bruno & Degenhardt, P.C.
10615 Judicial Drive, Ste 703
Fairfax, VA 22030
*Counsel for Defendant John B. Kirk*

Steven D. Feldman
Sharon O'Shaughnessy
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
*Counsel for Defendant Benjamin T. Kirk*

Mitchell Herr
Stephen Warren
Holland & Knight
701 Brickell Ave., Suite 3000
Miami, FL 33131
*Counsel for Defendant Dylan L. Boyle*

James D. Sallah
David R. Chase
Mark J. Astarita
Sallah Astarita & Cox, LLC
2255 Glades Road, Suite 300E
Boca Raton, FL 33431
*Counsel for Defendant James K. Hinton*

David Gourevitch
Law Office of David U. Gourevitch, P.C.
875 Third Ave., 28th Floor
New York, NY 10022
*Counsel for Defendant Luniel de Beer*

_____
KEVIN P. O'ROURKE

## EXHIBIT A

In accordance with FRCP Rule 30(b)(6), the Securities and Exchange Commission ("SEC") designates the matters identified below for examination. In construing these topics, the following instructions and definitions shall apply:

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.
2. The definitions and instruction set forth in Local Rule 26.3 (c) and (d) of the Local Civil Rules of Procedure for the Southern and Eastern Districts of New York are fully incorporated herein.
3. The dates covered in the deposition are from January 1, 2007 to the present unless otherwise stated.

**The deponent(s) designated pursuant to Rule 30(b)(6) shall be prepared to address the following topics:**

1. Identification of all United States ("US") customers who deposited, sold, or caused to be sold securities in Gibraltar Global Securities Inc. ("GGSI") accounts, including shares of Magnum d'Or Resources Inc. (MDOR). As to each customer, a description of how they came to be customers of GGSI and a description of all documents related to such customers and the location of same.

2. Identification of all documents that reflect the processes, procedures and practices requested in Specification 1.

3. The processes, procedures and practices by which GGSI's Unites States customers traded shares deposited in GGSI accounts, including, but not limited to, how customers:
    a. Became customers of GGSI;
    b. Opened accounts with GGSI;
    c. Deposited securities in their GGSI accounts;
    d. Initiated and effectuated trades of securities in their GGSI accounts; and
    e. Received proceeds from shares sold in their GGSI accounts.

4. Identification of all documents that reflect the processes, procedures and practices described in Specification 3.

5. The application of the processes, procedures and practices described in Specification 3 to GGSI customers who traded MDOR securities.

6. The processes, procedures and practices GGSI employed to investigate the background of existing and prospective customers and the source of those customers' securities which were deposited and traded in their GGSI account, including inquiries into the nature of the transactions in which the securities were acquired by the customers, whether customers were affiliates of the issuing company, whether shares those customers deposited were restricted, and the identification of all documents that reflect same.

1

7. The application of the processes, procedures and practices described in Specification 6 to GGSI customers who traded MDOR securities.

8. Identification of all US customers who deposited shares of MDOR in GGSI accounts; the amount of shares deposited; and the disposition of those shares, including, but not limited to:
    a. The identity and instructions of the individual(s) who directly or indirectly authorized deposit of MDOR shares in GGSI accounts;
    b. The identity and instructions of the individual(s) who directly or indirectly authorized the transfer of MDOR shares;
    c. The identity and instructions of the individual(s) who directly or indirectly authorized the sale of MDOR shares;
    d. The amount of sales proceeds from such sales;
    e. The identity and instructions of the individual(s) who directly or indirectly authorized the sale of MDOR shares;
    f. The identity of the individual(s) who directly or indirectly received such proceeds

9. Identification of all instances where GGSI directly or indirectly caused proceeds of the sale of securities to be sent to the issuer of the securities, and the identification of all documents that reflect same.

10. All communications regarding MDOR securities, and the identification of all documents that reflect same.

11. The contact information, title, and responsibilities of all GGSI's employee's, and the identification of all documents that reflect same.

12. The services GGSI offered to prospective/current clients, and the identification of all documents that reflect same.

13. GGSI's methods of advertising or marketing its services, including, but not limited to internet advertising, print advertising, cold calling, person-to-person contacts, seminars and referrals, and the identification of all documents that reflect same.

14. The content of GGSI's website, including all changes made thereto, and the identification of all persons involved in the preparation and authorization of the website and the role each person played with respect to the website

15. All account information concerning GGSI's United States customers, including, but not limited to:
    a. Name;
    b. Contact information;
    c. Account opening documents;
    d. Communications between GGSI and United States customers;
    e. Communications to any individual/entity regarding United States customers; and
    f. GGSI account trading history.

16. Identification of all documents that reflect the information described in Specification 15.

17. All account information concerning GGSI's customers who traded Pacific Blue Energy Corp (PBEC) or Tradeshow Marketing Company Ltd. (TSHO) stock, including, but not limited to:
    a. Name;
    b. Contact information;
    c. Account opening documents;
    d. Communications between GGSI and those customers or beneficial owners thereof;
    e. Communications to any individual/entity regarding those customers or beneficial owners; and
    f. GGSI account trading history.

18. All communications between GGSI and United States Broker-Dealers, and the identification of all documents that reflect same.

19. All communications between GGSI and United States customers or potential customers, and the identification of all documents that reflect same.

20. The preservation and destruction of documents related to the transactions and matters that are the subject of the Complaint in this case, including all documents and emails after January 1, 2007.

21. Identification of all documents, including emails, concerning United States customers that have been deleted or destroyed and the circumstances of any such destruction or deletion and all documents concerning such destruction or deletion.

22. All travel by GGSI representatives to the United States, including Warren Davis, and the identification of all documents reflecting same.

23. All compensation and payments of any type to Warren Davis, and the mechanism by which such payments were determined, and the identification of all documents reflecting same.

24. The processes, procedures and practices GGSI employed concerning the formation of any international business corporations by or on behalf of a US person, and the identification of all documents reflecting same.

25. The processes, procedures and practices GGSI employed concerning tax withholding and reporting with respect to US persons, and the identification of all documents reflecting same.

26. The content of all United States Internal Revenue Service Forms W-8BEN that Gibraltar signed, executed, or provided to any US person, and the identification of all documents reflecting same.