UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :

                Plaintiff, :

    -against- :

                 :

GIBRALTAR GLOBAL SECURITIES, INC., :
and WARREN A. DAVIS,
                 :

                Defendants. :
------------------------------------x

<u>ORDER</u>

13 Civ. 2575 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

On June 12, 2015, the Plaintiff moved for the entry of a default judgment against Defendants Gibraltar Global Securities, Inc. and Warren Davis in the above-captioned action. (ECF No. 68.) The motion represents that the Defendants "have announced that they do not oppose the Plaintiff's motion and the entry of a default judgment," (*see id.*), which accords with Defendants' counsel's May 13, 2015 application to be relieved, and representation to this Court that an application for a default "will not be opposed by Mr. Davis, by this law firm or by any other law firm." (*See* ECF No. 65.)

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's motion for a sanction of default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi) and Rule 37(d)(3) against Defendants Gibraltar Global Securities, Inc. and Warren Davis is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Gibraltar Global Securities, Inc. and Warren Davis are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o, by, directly or indirectly, in the

absence of any applicable exemption: making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Gibraltar Global Securities, Inc. and Warren Davis are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who

receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this matter be and is hereby referred to Magistrate Judge James C. Francis IV for an inquest on disgorgement, prejudgment interest, and civil monetary penalties to be imposed.

Dated: New York, New York
      July 2, 2015

SO ORDERED:

_George B. Daniel_
GEORGE B. DANIELS
United States District Judge